LEWIS *et al. v.* SITTEL.

No. 689.    Opinion Filed March 9, 1909.

(100 Pac. 553.)

*On Mandate from Circuit Court of Appeals, Eighth Circuit.*

Action by Ed. D. Sittel against Yancey Lewis and others. Judgment for plaintiff, and defendants brought error to the United States Circuit Court of Appeals for the Eighth Circuit, where the judgment was affirmed (165 Fed. 157), and Lewis and such others move to dismiss the mandate of that court and hold the same for naught.    Motion dismissed without prejudice.

On the 23d day of January, A. D. 1909, the plaintiffs in error filed a motion in this court, suggesting lack of jurisdiction in the United States Court of Appeals for the Eighth Circuit of the subject-matter, in words and figures as follows, to wit:

"Now comes Yancey Lewis, Allen Wright, and O. W. Argo, plaintiffs in error in the above-entitled cause, and pray this honorable court to set aside, disregard, and hold for naught the mandate of the United States Circuit Court of Appeals for the Eighth Circuit, transmitted in said cause to this court, and, if this honorable court has transmitted said mandate or its own mandate to the proper district court of Oklahoma, to recall the same and to disregard and hold it for naught, and to take no action in the way of enforcing the same, and for grounds of such motion allege and show to this honorable court:

"First. That the United States Circuit Court of Appeals for the Eighth Circuit and the United States Court of Appeals for the Indian Territory and the United States Court for the Central District of the Indian Territory were each and all without jurisdiction to hear and determine this cause at the dates and times on which said cause and the judgments therein were heard and determined by said courts, respectively, for the reason that this suit, which involves the claim of ownership and title to a certain residence lot and improvements thereon in the city of McAlester, Choctaw Nation, Ind. T., was filed in the United States court for the Central District of the Indian Territory on the 22d day of April, 1898, and the jurisdiction to hear and determine said controversy was taken away from said court and vested in the townsite commission for the Choctaw Nation and in the Secretary of the Interior by virtue of the agreement between the Choctaw and Chickasaw Tribes or Nations and the government of the United States, commonly known as the 'Atoka Agreement' and approved by Act June 28, 1898, c. 517, 30 Stat. 505 *et seq.*, and by later acts of Congress, and particularly by the act approved March 3, 1905 (33 U. S. Stat. 1059, c. 1479), under the heading 'Appropriations,' containing the words: 'Provided that the several townsite commissions in the Choctaw, Chickasaw, Creek and Cherokee Nations shall upon the completion of the appraisement of the general lots in their respective nations be abolished by the Secretary of the Interior at such time as in his judgment it is considered proper; and all unfinished work of such commissions, the sale of town lots at public auction; disposition of contests, the

determination of the rights of claimants and the closing up of all other minor matters pertaining thereto shall be performed by the Secretary of the Interior under such rules and regulations as he may prescribe, provided further that all unsold lots, the disposition of which is required by public auction shall be offered for sale and disposed of from time to time by the Secretary of the Interior for the best obtainable prices as will in his judgment best subserve the interest of the several tribes; and the various provisions of law in conflict herewith are modified accordingly.' The parties in interest further allege that it will appear from the record of the proceedings in this case in the United States Court of Appeals for the Indian Territory, now in the custody of this honorable court, that the judgment was rendered in this cause on July 13, 1905, in the United States [Court] for the Central District of the Indian Territory, and that the proceedings in the United States Court of Appeals and in the United States Circuit Court of Appeals for the Eighth Circuit have all been had subsequent to said date. The parties aforesaid, say that, by virtue of the acts of Congress, aforesaid, the jurisdiction to hear and determine this cause was taken out of the United States Court for the Central District of the Indian Territory and out of the United States Court of Appeals for the Indian Territory upon appellate proceeding and out of the United States Circuit Court of Appeals for the Eighth Circuit in appellate proceeding, and vested wholly and exclusively in the Secretary of the Interior and the administrative agencies under him.

"Second. Said parties further show to the court that; in pursuance of the Atoka agreement and the acts of Congress, the townsite commission of the Choctaw Nation was duly appointed and organized, and that the said Yancey Lewis made application in due course, as required by law and the rules and regulations applicable, to have said lot scheduled and appraised to him as the owner of the improvements thereof, with right to buy the same at the lawful percentage of the appraised value of said lot, and that on May 23, 1901, the said lot was scheduled and awarded him by the townsite commission for the Choctaw Nation as aforesaid; that at the same time he was advised of a contest filed with said commission by one W. H. Ansley, claiming to own the improvements on said lot and to be entitled to have same scheduled and awarded him; that said contest with the said Ansley and his representative was prosecuted before the United States Indian

Vol. 23—24

Inspector for the Indian Territory and before the United States Commissioner of Indian Affairs, and finally before the Secretary of the Interior, and the same was decided in favor of the said Yancey Lewis by all of said officers, the determination and judgment of the Secretary of the Interior being made on May 22, 1907; that said determination, judgment, and award of the officers aforesaid and of the Secretary of the Interior have not in anywise been modified, changed or annulled; that in connection with the award of said lot to him and the right to purchase the same said Yancey Lewis has performed all the things required by law in the way of making payments of the scheduled price of said lot within the time fixed by law and to the lawful authorities of the United States entitled to receive the same.

"Third. The parties aforesaid further show to this honorable court, as the same appears from the record in its custody and also from the opinion of the United States Circuit Court of Appeals for the Eighth Circuit, that judgment in this cause was rendered on July 13, 1905, in the United States Court for the Central District of the Indian Territory; that upon July 22, 1905, upon the petition of Wright and Lewis, to which Argo was not a party, a writ of error was allowed by the United States Court of Appeals in the Indian Territory to review that Judgment; that on May 12, 1906, the defendant in error moved to dismiss the writ of error because of certain defects in the writ and because the defendant Argo was not joined in the writ; that Wright and Lewis answered that the reason why Argo had been omitted was that he was not a resident of the Indian Territory when the writ was sued out, so that his consent at such time to join in such writ of error could not be obtained, his residence being then unknown; that lately his residence had been discovered and his consent to join in the proceeding obtained, so that the said Argo, by his attorney, prayed the court that he might be joined in the proceeding; that the United States Court of Appeals for the Indian Territory refused this application and dismissed the writ of error; that thereupon the said Lewis, Wright, and Argo sued out a writ of error to the United States Circuit Court of Appeals for the Eighth Circuit, which court, as appears from its opinion, affirmed the judgment of the Court of Appeals of the Indian Territory, not only in dismissing the writ, but upon the merits. The parties aforesaid say that, if the United States Court of Appeals for the Indian Territory was correct in its ruling dismissing the writ

of error for want of jurisdiction, the United States Circuit Court of Appeals for the Eighth Circuit was without jurisdiction to consider the cause upon the merits, or to enter any other order than that dismissing the writ of error.

"Fourth. Said parties further show to the court that the United States Court for the Central District of the Indian Territory and the United States Court of Appeals for the Indian Territory and the United States Circuit Court of Appeals for the Eighth Circuit were each and all without jurisdiction to render or to affirm the judgment that was rendered, for that such judgment adjudged that the plaintiff, Edward D. Sittel, do have and recover of and from the defendants, Allen Wright, O. W. Argo, and Yancey Lewis, the lot numbered in plaintiff's complaint and described as follows: Being lot No. 2, in block 318, etc. [Describing the lot], together with all the improvements thereto belonging, together with all necessary writs and processes for the ousting of defendants, and further gave judgment for damages in the sum of $425, because there was no pleading which would warrant or uphold the judgment for the lot and damages.

"Plaintiff's amended complaint alleges as follows: That he is the owner and entitled to the immediate possession of the following described property, to wit: One residence lot [describing it], together with all the houses and improvements and appurtenances thereunto belonging to said property. Plaintiff claims title to said property as follows: [Thereupon he sets up a chain of title to the premises from one Harry Trouth and his wife, Minnie Trouth.] Second. For second and further claim of title to said property, plaintiff shows to the court that during the year 1898 plaintiff and one Fritz Sittel was in the lawful and peaceable possession of the aforesaid lot of land, etc. [and thereupon he alleges a contract between himself, Fritz Sittel, and the Choctaw Coal & Railway Company, under which improvements were to be made, etc., and alleges the maturing of his right in this connection.] Third. For a third and further claim of title to the four-room residence house situated on said lot, plaintiff claims title as follows: That said house was built and owned by plaintiff in the year 1898. The plaintiff's title to said house was never transferred to any one, and plaintiff is now the owner of said house and entitled to the immediate possession of same. Plaintiff in open court formally abandoned the second count of his complaint, and the court so charged the jury. The court further

charged that the title to the lot set up in the first count was barred by limitation, and that the plaintiff could not recover thereon. This left only the third count with reference to which issue could be made, and this count, in view of the failure of title to the lot, expressly pleaded and alleged, would not sustain a verdict and judgment for the lot and damages for its detention, and under the pleadings the courts named were without jurisdiction to so award. Wherefore, the parties aforesaid pray that the said Edward D. Sittel, who lives at McAlester, Okla., be cited to appear and answer hereto at a time to be fixed by this honorable court, and that upon such hearing this honorable court adjudge and determine that it is without jurisdiction to enforce the mandate of the United States Circuit Court of Appeals, and hold the same for naught."

*R. A. Smith,* for plaintiffs in error.

*S. A. Wilkinson,* for defendant in error.

PER CURIAM. The plaintiffs in error have failed to cite any authority as a precedent on which this court may rely in adjudging and determining by such procedure that it is without jurisdiction to enforce the mandate of the United States Circuit Court of Appeals for the Eighth Circuit, and hold the same for naught. And, as it appears that after the mandate issues from this court to the district court of Pittsburg county on the mandate from the United States Circuit Court of Appeals for the Eighth Circuit the said plaintiffs in error have an adequate remedy to protect themselves, in the event the court had not jurisdiction of the subject-matter of said cause of action, by procuring an injunction, or by motion under section 4767, Wilson's Rev. & Ann. St. 1903, to set same aside, so as to prevent the enforcing of such judgment on the ground that same is void for want of jurisdiction, we dismiss this motion without prejudice, so that the plaintiffs in error may renew their contention in the district court, there to be determined.